Rule 1910. Broadcasting, **Recording and Photography** in the Courtroom

**A.     General statutory prohibition.  It is unlawful and a criminal offense to use or operate a device to capture, record, transmit or broadcast a photograph, video, motion picture or audio of a proceeding or person within a judicial facility or in an area adjacent to or immediately surrounding a judicial facility without the approval of the court or presiding judicial officer or except as provided by rules of court.  *See* 18 Pa.C.S. § 5103.1 (relating to unlawful use of an audio or video device in court).**

**B.     General rule.**  Unless otherwise provided by this rule or by the Supreme Court of Pennsylvania, judges **[should] shall** prohibit broadcasting, televising, recording or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions, except that a judge may authorize:

**[A.] (1)** the use of electronic or photographic means for the presentation of evidence, for the perpetuation of a record or for other purposes of judicial administration;

**[B.] (2)** the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings;

**[C.] (3)** the photographic or electronic recording and reproduction of appropriate court proceedings under the following conditions:

**[(1)] (a)** the means of recording will not distract participants or impair the dignity of the proceedings; **[and]**

**[(2)] (b)** the parties have consented; and the consent to being depicted or recorded has been obtained from each witness appearing in the recording and reproductions; **[and]**

**[(3)] (c)** the reproduction will not be exhibited until after the proceeding has been concluded and all direct appeals have been exhausted; and

**[(4)] (d)** the reproduction will be exhibited only for instructional purposes in educational institutions.

**[D.] (4)** the use of electronic broadcasting, televising, recording and taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between

sessions of any trial court nonjury civil proceeding**[,];** however, for the purposes of this subsection, "civil proceedings" shall not be construed to mean a support, custody or divorce proceeding. **Paragraphs (c) and (d) of** Subsection **[3] (3) [and 4]** shall not apply to nonjury civil proceedings as heretofore defined. No witness or party who expresses any prior objection to the judge shall be photographed**,** nor shall the testimony of such witness or party be broadcast or telecast. Permission for the broadcasting, televising, recording and photographing of any civil nonjury proceeding shall have first been expressly granted by the judge, and under such conditions as the judge may prescribe in accordance with the guidelines contained in this rule.

**C.** **Law Enforcement Officers, Sheriff's Department Officers, and Judicial Security Officers.**

**(1)** **Unless expressly prohibited by local rule or order of court as authorized by Subsection (5), and except as otherwise provided in this Subdivision C, officers of law enforcement agencies, sheriffs and deputy sheriffs, and judicial security officers (referred to collectively as "Officers") may wear body cameras as part of their standard equipment and operate them as permitted by law or by state or local court rule, and as may be further authorized under the policies of the agency with which the Officer is associated.**

**(2)** **No body camera may be activated in a courtroom during judicial proceedings except when an Officer, in his or her professional opinion, determines that there is an actual or imminent emergency situation warranting activation in the ordinary course of his or her duties. In such an emergency situation, an Officer may activate his or her body camera until such time as, in his or her professional judgment, the emergency situation has concluded.**

**(3)** **When an Officer activates a body camera in a courtroom as permitted by paragraph (2), he or she shall verbally notify the presiding judge at the first reasonable opportunity after the body camera has been activated. Also, within one business day of the emergency incident, the Officer or his or her supervisor shall provide to the presiding judge a written report of the circumstances surrounding the activation of the body camera, including the times of activation and deactivation and an explanation of the Officer's actions. The presiding judge shall promptly share the activation report with judicial district court administration. The activation report also shall be provided to the law enforcement agency with which the Officer is associated.**

2

**(4)** Any recording made in a courtroom during a judicial proceeding may not be released to anyone outside the court and the law enforcement agency with which the Officer is associated without the express written approval of the president judge of the court. Use and dissemination of a recording made under this Subdivision C in connection with law enforcement activity shall require the express written approval of the president judge.

**(5)** A judicial district may adopt local rules or protocols regulating the use, operation and activation of body cameras in any location and space that is controlled by the judicial district and used in the ordinary course of its business, including a courtroom.

**(6)** A court and any law enforcement agency providing security services in the courtroom shall enter into a written agreement conforming to this rule and any local rule or protocol promulgated by the judicial district. At minimum, the agreement shall require the agency to (i) inform its officers of their responsibilities under the rule; (ii) provide training to its officers regarding the requirements of the rule, including training of new officers before they are permitted to activate a body camera in the courtroom; (iii) require annual written certification by a responsible representative of the law enforcement agency that the agency's officers have been informed of their responsibilities under the rule and have received proper training; and (iv) monitor their officers' compliance.

**(7)** Each law enforcement agency that provides security services to a court or judicial district shall provide to the district court administrator a copy of its current policies regarding use of body cameras, as well as a list of those Officers assigned to a court or judicial district who are qualified to wear and use body cameras.

\*\*\*\*